[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ALIMONY ISSUE
The parties entered an agreement on September 18, 2002, dissolving their marriage. That agreement addressed every issue except the issue of alimony and life insurance to secure any alimony obligation. Those issues were deferred for further hearing. On December 4, 2002, an evidentiary hearing was held to address that remaining issue. Testimony was taken and exhibits were entered. At the close of the hearing, this court entered an interim order that the defendant pay the plaintiff $2,000.00 for the month of December to maintain the family home which is currently on the market for sale.
The court has considered all of the statutory criteria, including, but not limited to, duration of the marriage, earning capacity of the parties, age and health of the parties, and causes of the breakdown of the marriage. The court carefully considered the testimony offered at hearing and the exhibits entered in reaching an alimony award.
The court finds the following facts: the parties have been married for 24 years. They have no children. The defendant is 50 years old. The plaintiff is 49 years old. They are both in reasonably good health. The wife earns approximately $40,000.00 annually. The defendant works in the nuclear industry and has held a series of high paying jobs, between $90,000.00 and $130,000.00 annually. Recently, his salary has declined and he has collected unemployment benefits. In the last few months, he has earned extra income from consulting jobs which he has not disclosed to the state Department of Labor Unemployment Division.
His decline in salary and periods on unemployment have coincided with his establishing an intimate relationship with a woman of considerable means whom he met on the internet. At one point after this relationship began, the defendant attempted to reconcile with the plaintiff, only long enough to ask her to help him consolidate debt and open an equity line of credit. Two months after she opened this line of credit, he moved in with the other woman. Since that time in February 2002, he has lived with that CT Page 16510 woman and the evidence established that she has proffered advice to him on ways to avoid any alimony obligation. It is clear to the court that the defendant has little incentive to seek a full-time job in his field.
The court was not persuaded that the defendant has any health problems that would preclude employment or limit his ability to work a full-time job. Consequently, the court finds that the defendant's earning capacity is $75,000.00.
 ORDERS
1. The defendant shall pay to the plaintiff $2000.00 monthly through April 30, 2003 or until the house is sold, whichever shall first occur.
2. Thereafter, the defendant shall pay to the plaintiff $200.00 per week in alimony for a period of 12 years, nonmodifiable as to term.
3. The defendant shall secure life insurance on his life in the amount of $125,000.00 for the benefit of the plaintiff. That amount may be modified annually, commensurate with the alimony obligation, until that obligation terminates.
___________________ Prestley, J. CT Page 16511